## Case No. 17,417.
### WESCOTT et al. v. COLE et al.
[4 McLean, 79.] [1]

Circuit Court, D. Indiana. May Term, 1846.

EQUITY JURISDICTION—SALE OF EQUITABLE INTERESTS—TITLE BONDS.

1. A court of equity may direct an equity to be sold, but in such case the interest sold should be ascertained, and made known at the time of the sale.

2. In Indiana a title bond is assignable.

[This was a bill by Wescott and Comblos against Cole and Shelby.]

Fletcher & Butler, for complainants.
Mr. Dunn, for defendants.

McLEAN, Circuit Justice. Cole gave his note to complainants 17th June, 1842, for —— dollars, and at the same time executed a mortgage to secure the payment of the note, on land in Clarke county. He also transferred a title bond held by him and given by Shelby and Shelby, for a piece of property in the same county, "conditioned" for making a deed on payment of eighteen hundred dollars. A title bond is assignable by the statute of Indiana. The bill prays for a sale of the mortgaged premises, and also of the interest assigned in the title bond. There was no answer filed by the defendant, and a decree pro confesso was taken against him.

The defendant objected, that there was no averment in the bill of the payment of the eighteen hundred dollars. There is no evidence of the payment of this sum, still in chancery whatever interest the assignor may have can be sold. The court will provide in the decree, that the purchaser at the sale of the master shall know what he buys.

It is also objected that unless Cole could sue in this court, his assignee can not sue. This is undoubted. But there is nothing in the bill to show that Cole was a citizen of Indiana at the time he made the assignment, and, consequently, the defendant being in default, is not in a condition to raise the question.

The court will direct a sale of the mortgaged property, and also of the equitable interest of Cole, under the title bond, giving special directions, etc.

## Case No. 17,418.
### WESCOTT v. FAIRFIELD TP.
[Pet. C. C. 45.] [2]

Circuit Court, D. New Jersey. Oct. Term, 1811.

JURISDICTION OF CIRCUIT COURTS — CITIZENSHIP.

A citizen of the District of Columbia is not entitled to sue in the circuit courts of the United States.

[Cited in Barney v. Baltimore, 6 Wall. (73 U. S.) 288; Cissel v. McDonald, Case No. 2,729. Cited in brief in McMurdy v. Connecticut Gen. Life Ins. Co., Id. 8,903.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Reported by Richard Peters, Jr., Esq.]

The declaration is in the name of Den, a citizen of the District of Columbia, on the demise of Wescott, also a citizen of the same district, against the inhabitants, &c., citizens of the state of New Jersey. The plaintiff moved for a rule on the defendants, to appear by the next court and confess lease, &c. This was objected to by Leake for the defendants, on the ground that the court could not take jurisdiction of the cause, the plaintiff being a citizen of the District of Columbia, and therefore not within the provision of the act of congress, giving jurisdiction to the circuit court. He cited Ash v. Hayman [Case No. 572].

BY THE COURT. The case cited is conclusive; and of course, the plaintiff can take nothing by his motion.

## Case No. 17,419.
### WESLEY et al. v. BIAYS.
[Brunner, Col. Cas. 254; [1] 4 Am. Law J. 275.]

Circuit Court, D. Maryland. 1812.

SEAMEN'S WAGES—CAPTURE.

Where a vessel is captured and finally acquitted, seamen are entitled to full wages, including the time of detention, even though the master offered to discharge them and send them home and they refused.

[Appeal from the district court of the United States for the district of Maryland.]

Libel for wages. The vessel was captured and sent in for adjudication. The master offered to discharge the seamen and find passages home for them, but they refused to quit the ship. She was condemned; but upon appeal the decree was reversed. The vessel then prosecuted her voyage and returned to Baltimore. The district judge decreed wages for the whole time, including the delay at the port, where the vessel was sent in for adjudication [case unreported], which sentence was affirmed by this court.